CASE 52—PETITION—SEPTEMBER 19.

# Yowell vs. Gaines.

APPEAL FROM BOONE CIRCUIT COURT.

In a proceeding *in rem* during the absence of the defendant from the State, from 1862 to 1865, the defendant's land was sold at an enormous sacrifice. At the commissioner's sale the plaintiff became the purchaser, and after confirmation of the sale, was put in possession of the land by process of the court. On defendant's appeal the court of appeals reversed the judgment of sale, and thereupon the defendant filed his petition in the circuit court for the purpose of quashing the sale under the provisions of the *7th subdivision of section* 579 *of the Civil Code. Held*—That the sale ought to be set aside, if the commissioner's report be opened for objection. (See opinion for the sufficiency of the grounds for opening and setting aside the sale as was ordered in this case.)

CARLISLE & O'HARA,                    For Appellant.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellee, Gaines, sold and conveyed to the appellant, Yowell, of Boone county, Kentucky, one hundred and ninety-six acres of land in that county, reserving a lien as security for the payment of the consideration of sixty-five dollars an acre, payable in several installments.

In March, 1862, a portion of the price having been then paid, and about eight thousand dollars unpaid, of which only about one thousand dollars had become due, the appellee brought a suit in equity for enforcing payment of the sum so due and unpaid, and obtained a judgment therefor in personam and *in rem*. Under that judgment the whole of the land was sold by a commissioner to the appellee for about twelve hundred dollars, the amount of the judgment, interest, and costs; and at the September term, 1863, the commissioner's report of sale was confirmed, and a writ of *habere facias* ordered, and which was afterwards executed by delivering possession to the appellee, who still retains it.

When the report was confirmed, neither the appellant nor his only counsel was in Kentucky, the former, to avoid, as he alleges, Federal arrest and exile, having in September, 1862, gone off with Kirby Smith's Confederate army for safety, and the latter having been actually arrested and taken to Ohio, and neither of them returning to Boone until about the close of the war.

Shortly after his return the appellant filed an affidavit, and thereupon moved the circuit court to quash the commissioner's report and sale. That court having dismissed the motion, this court affirmed the judgment, on the ground that, according to *sections* 579 *and* 373 *of the Code of Practice*, the only mode of proceeding was by petition, after the expiration of the term of confirma-

tion; but at the same time reversed the judgment for a sale, leaving the effect of the sale to ulterior question and consideration.

Accordingly, on the 26th of July, 1866, after the return of this court's mandate, this petition was filed for the purpose of quashing the report and sale. To show that, according to the *7th subsection of section 579 of the Code*, he is not concluded by the judgment of confirmation, he alleges that he was prevented from resisting it by "*inevitable accident or misfortune*," because, as he alleges, being an old and weakly man of judicial character and position, known to be "a Southern sympathizer," he was in imminent danger of being arrested and subjected to military deportation and imprisonment, and to prevent such peril, and for no other purpose, he took refuge under the protection of a Confederate army in September, 1862, left Kentucky with it, without ever co-operating in belligerent operations, and understanding that his return home during the war would insure the loss of his liberty, he did not return until June, 1865; and for quashing the report he relies chiefly on the gross inadequacy of the price bid by the appellee, and on the sale of the whole tract, without offering less to bidders.

The case is now again in this court on an appeal from a judgment dismissing the petition.

The judgment of sale having been reversed by this court as erroneous, and the judgment creditor being the purchaser at an enormous sacrifice, at an irregular sale of the whole tract, when we may presume that a much less quantity might have paid off the judgment, and left land enough to pay the still unpaid balance of about six thousand dollars, the sale should be set aside if the commissioner's report be opened for objection; and without a special notice of the facts proved, we are of the opinion

that they sufficiently conduce to show that "inevitable accident or misfortune" prevented the appellant from objecting to the report sooner, or otherwise than by this petition.

The facts authorize the belief that the appellant had reasonable cause to apprehend, and really did apprehend, that if he remained at home after the retreat of the Confederate force from his county, he would be forcibly taken away by Federal power, and indefinitely confined at the peril of an old and frail man's life; and that, to avoid such consequences, was the only purpose of his voluntary escape and exile from Kentucky. No other motive can be plausibly ascribed to him.

It also appears, that, shortly after his exit, a Federal provost went to his house, and ascertaining where he had gone, told his son "*it was better for him.*" And we should presume that this was all communicated by the son to the father, and impressed on him the policy of not returning during the war.

Whatever may be thought of his sympathy with the rebellious party, no open act of incivism has been imputed to him; and it seems to us that, in the true spirit and aim of the Code, his non-attendance in court was the result of "inevitable misfortune."

Wherefore, the judgment is reversed, the sale to the appellee set aside, and the cause remanded for further proceedings.