CASE 88—PETITION EQUITY—JANUARY 8.

# Bean, &c., v. Haffendorfer Bros.

APPEAL FROM LOUISVILLE CHANCERY COURT.

| 84 | 685 |
|----|-----|
| 88 | 396 |
| 84 | 685 |
| f104 | 294 |
| 84 | 685 |
| 120 | 276 |
| 84 | 685 |
| 119 | 74 |

1. SERVICE OF SUMMONS, WHERE THE DEFENDANT WAS OF UNSOUND MIND, was, under Myers' Code, required to be upon his committee or other person, as well as upon him, only in case he had been judicially found to be of unsound mind, or was confined in a State lunatic asylum.

2. GROUNDS FOR VACATING JUDGMENT.—That the defendant was of unsound mind, and, therefore, incompetent to make an intelligent de-

fense to the action, is such a "misfortune," within the meaning of subsection 7 of section 579, Myers' Code (section 518, Bullitt's Code), as will authorize the court to vacate or modify a judgment.

3, THE POWER OF THE COURT TO VACATE AN ORDER CONFIRMING A JUDICIAL SALE, after the expiration of the term, is not dependent upon the existence of a valid defense to the cause of action or claim sued on.

4. MERE INADEQUACY OF PRICE IS NOT ALONE SUFFICIENT TO SET ASIDE A JUDICIAL SALE. But when the price bid is greatly disproportioned to the actual value of the property, only slight additional circumstances are required to make it the duty of the chancellor to set aside the sale.

5. A RETURN UPON A SUMMONS signed by one as "deputy sheriff," without the name of his principal, is sufficient evidence of service.

6 CASE ADJUDGED.—In an action by street contractors to enforce a lien for street improvements, the property of one of the defendants was sold at a great sacrifice, the sale confirmed by the court, and, as provided in such cases, the right was reserved to the defendant to redeem the property within three years. A few days before the expiration of the three years the defendant died. He was of unsound mind when summons was served upon him, and so continued until his death. A deed having been executed to the purchasers after defendant's death, the heirs of the defendant seek, by this action against the purchasers alone, to have all the proceedings in the action declared void, and the title restored to them. *Held*—That the order confirming the sale should be set aside, and the deed canceled upon condition that the plaintiffs redeem the property within a reasonable time to be fixed by the court.

D. M. RODMAN FOR APPELLANTS.

1. The purchase of property under decretal sale at extraordinary sacrifice is sufficient ground to enable a court of equity to set aside the sale and relieve the parties. (Adams' Equity, sec. 115; Ross v. Norvell, 1 Wash. Va., 19; Fennick v. Macey. 1 Dana, 276; Baker v. Baker, 13 B. Mon., 408; Montgomery v. Caldwell, 4 Bibb. 306; Blight's Heirs v. Tobin, 7 Mon., 622; Meyers v. Williams, 1 Duv., 336.)

2. The purchaser at a great sacrifice in a stale case where irregularities exist is converted by a court of equity into a trustee for parties in interest. (Blight's Heirs v. Tobin, 7 Mon., 622; Adams' Equity, sec. 115.)

3. Equity will permit a redemption where a court of law will not set aside the sale after the expiration of the time to redeem. (Meyers v. Williams, 1 Duvall. 356; Blight's Heirs v. Tobin, 7 Mon., 623; Miller v. Craig, 7 Ky. Law Rep., 712.)

4. Suit upon warrant against L. H. Smith does not authorize judgment against Isaac Smith. (Fletcher v. Well, 6 Taunton, 191; Freeman on Judgments, sec. 347, and notes)

Bean, &c., v. Haffendorfer Bros.

5. Judgment based upon the return of service of summons in another county signed "Leroy W. Nichols, deputy sheriff," is void. (Rowley v. Howard, 23 Cal., 401; Freeman on Judgments, secs. 521 and 522, and notes.)

6. Gross inadequacy of price is a badge of fraud. (Craig v. Garnett, 9 Bush, 101.)

7. The chancellor has the same right to interfere in a judicial sale that he has in a private one. (Miller v. Craig, 7 Ky. Law Rep., 712; Dawson v. Goodwin, 15 B. M., 439; Casley v. Wickliffe, 12 B. M., 202.)

LANE & BURNETT for appellees.

1. Unless a defendant has been judicially found to be of unsound mind, the service of process must be on him in person, and on no one else. (Myers' Code, sec. 82; Allison v. Taylor, 6 Dana, 87; Shirley v. Taylor, 5 B. M., 104; King v. Robinson, 33 Maine, 114; Jackson v. Gorman, 2 Cowen, 552; Crouse v. Holman, 19 Ind., 30; Breckinridge v. Ormsby, 1 J. J. Mar., 236; 24 Ind., 231; 2 Dana, 452; 6 Met., 415; 53 Maine, 451; 1 Gray, 434.)

2. The fact that no apportionment warrants against Isaac Smith or his property were filed or exhibited in the action of Thomasson v. Kendall is immaterial. Apportionment warrants are not necessary to fix the liability. (Preston v. Roberts, 12 Bush, 577.)

3. A return of the service of process in the name of the deputy sheriff is sufficient. (Winslow v. Austin, 5 J. J. Mar., 410; 6 Bush, 479; Spafford v. Goodell, 3 McLean, 98; Towns v. Harris, 13 Texas, 507; Eastman v. Curtis, 4 Vermont, 616.)

4. If it be true that the property was sold at a sacrifice, appellants were not prejudiced, as it was the improvements put upon the property by another who claimed it as his own that made it of any value. (Stump v. Martin, 9 Bush, 285.)

5. As the court had jurisdiction of the person of the defendant and of the subject-matter, the sale must stand. (14 Bush, 494.)

6. As conclusive of every question litigated in the case, see Bess v. Hagan, 7 Ky. Law Rep., 298.

Same counsel in petition for rehearing.

1. In every action to enforce a lien on land which results in the involuntary alienation of the estate, there are two separate and distinct orders from which appeals will lie—the order of sale and the order confirming the report of sale.

A sale fully executed is unaffected by the subsequent reversal of the judgment which directed the sale. (Scott v. Estill, 7 Ky. Law Rep., 222; Cooley v. Rhea, 7 Ky. Law Rep., 298; Wrightson v. Cline, 5 Ky. Law Rep., 57; Buchanan v. Crucible, 5 Ky. Law Rep., 178; Haynes v. Payne, 5 Ky. Law Rep., 242; Norris v. Robinson, 5 Ky.

Bean, &c., v. Haffendorfer Bros.

, Law Rep., 773; Judah v. Bickel, 4 Ky. Law Rep., 415; Weller v.
Bissell, 3 Ky. Law Rep., 759; Reinkin v. Eastin, 2 Ky. Law Rep.,
427; Botto v. Botto, 6 Ky. Law Rep., 663; Foreman v. Yocum, 14
Bush, 498; Amos v. Stockton, 5 J. J. M., 638; Clark v. Farrow, 10 B.
M., 446; Benningfield v. Reed, 8 B. M.; 102; Gossom v. Donaldson,
18 B. M., 230; Brown v. Hudson, 3 Bush, 61; Parker v. Anderson, 5
Mon., 452; Williams v. Cummins, 4 J. J. M., 639; Coleman v. Tra-
bue, 2 Bibb, 514.)

An appeal lies from an order confirming or rejecting a report of
sale, and the reversal of such an order leaves unaffected the order
directing the sale. (Pennebaker v. Megowan, 3 Met., 501; Lisle v.
Lisle, 4 Ky. Law Rep., 990; Stump v. Martin, 9 Bush; Busey v. Har-
din, 2 B. M., 411; Vanbussum v. Maloney, 2 Met, 552; Taylor v.
Gilpin, 3 Met., 546; Vance v. Foster, 9 Bush, 391; Coger v. Coger, 2
Dana, 271; Allen v. Graves, 2 Bush, 492; Clark v. Farrow, 10 Bush,
450; Hunt v. Phillips, 2 Ky. Law Rep., 312; Heydon v. Smith, 5 Ky.
Law Rep., 243.)

2. The order of sale of October 22, 1878, and the order of September 19,
1879, confirming the report of sale, were both final orders, and it is
well settled that such orders can not, after the term at which they are
rendered, be revised, vacated, or modified by the court rendering them
except in the mode and on the grounds specified in section 579 of
Myers' Code. (Hooker v. Gentry, 3 Met., 463; McManama v. Gar-
nett, 3 Met, 517; Anderson v. Anderson, 18 B. M., 98; Yowell v.
Gaines, 2 Bush, 212; McCall v. Hitchcock, 7 Bush, 616; McLean v.
Mixon. 18 B. M., 775; Joyce v. O'Toole, 6 Bush, 32; Thomas v. Dun-
can, 7 Ky. Law Rep., 516.)

3. As Isaac H. Smith had never been judicially found to be of unsound
mind, subsection 5 of section 579 of the Code does not apply.

4. Before a court can be authorized by subsection 7 of section 579 of My-
ers' Code to vacate or modify a judgment, it must appear from the
petition, first, that the party was prevented from appearing or de-
fending; and second, that there is a valid defense. (Thomas v.
Duncan, 7 Ky. Law Rep., 371; Howard v. Howard, 6 Ky. Law Rep.,
576; Johnston v. Pomeroy, 31 Ohio St., 248.)

5. The appellants in this case fail to present any defense to the proceed-
ings had in the execution of the judgment of October 22, 1878, and
eventuating in the order of September 19, 1879, confirming the report
of sale and ordering a deed.

The order of October 22, 1878, was absolutely conclusive as to all
matters that could have been litigated in the action prior to that date
until it was vacated, reversed, modified or set aside. (1 Bibb, 565; 1
J. J. M., 272, 275; 2 Dana, 328; 4 Dana, 336; 5 Dana, 193; 18 B. M.,
847; 7 Bush, 664; 10 Bush, 412; 12 Bush, 16.)

6. By the judgment of October 22, 1878, the liability of the defendant

Isaac H. Smith was fixed at $73, and any tender by him of a less sum in satisfaction of that liability was in law and equity no tender at all. (4 Bibb, 97; 1 B. M., 9; 8 Bush, 525.)

7. Inadequacy of price is not sufficient to authorize the chancellor to set aside a sale where time is allowed for redemption. (Freeman on Executions, sec. 309; Mixer v. Sibley, 53 Ill., 61; Allison v. Taylor, 3 B. M., 367; Coolbaugh v. Roemer, 32 Minn., 450; Rorer on Judicial Sales, sec. 1194; Curtis v. Millard, 14 Iowa, 129; 18 Iowa, 475; 3 Barb., 70; 18 Iowa, 52; 7 Minn., 432; 16 Iowa, 399; 23 Iowa, 529.)

8. The appellees can not be affected by the mental condition of Isaac H. Smith, as they were in entire ignorance of his condition. (Heard v. Sack, 81 Mo., 612.)

9. A judgment against a lunatic is not void, and a sale under such a judgment is good, and the purchaser will be protected. (Lamprey v. Mudd, 9 Foster, 303; Allison v. Taylor, 6 Dana, 87; Robertson v. Lain, 19 Ward, 649; Stigers v. Brent, 50 Md., 214; Tomlinson v. Devere, 1 Gill, 345.)


JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1874 Thomasson & Hider, street contractors, holding certain apportionment warrants, issued by ordinance of the general council of the city of Louisville for improving Broadway street, against the owners of adjacent property, instituted an action in the Louisville Chancery Court to enforce the lien provided for in such cases by the city charter; and amongst others made defendants was Isaac Smith, now deceased, who owned a lot of land on each side of the improved portion of the street, the aggregate amount apportioned against him being the sum of $13.43. In October, 1878, judgment was rendered in that action for a sale of the two lots to pay the sum mentioned, together with interest, at the annual rate of 10 per cent., and costs; and in July, 1879, the sale was made, appellees, Haffendorfer Bros., becoming the purchasers of both lots at the price of $73. September 19, 1879, the sale was confirmed by the court, and, as provided

vol. 84—44

in such cases, the right was reserved to the defendant
to redeem the property within three years by paying
the purchase price, with interest, at the rate of 10 per
cent., and all taxes accrued; but Isaac Smith died
September 17, 1882, a few days before the expiration
of the time given, without redeeming, and in Decem-
ber following the court made an order directing a
deed to be executed to the purchasers, but it was not
done until March, 1883.

This action was brought by the heirs-at-law of Isaac
Smith in October, 1883, and in their petition pray that
the judgment and proceedings in the action by Thomas-
son & Hider be declared null and void as they relate
to Isaac Smith and his land; the deed made to the
defendant, Haffendorfer, be set aside, and the title of
the plaintiffs to the two lots be quieted. The defend-
ants, in their answer, made a counter-claim, deny the
material averments of the petition, and ask that the
plaintiffs be required, by order of court, to quit claim,
and convey to them all their, the plaintiffs', right and
title to the property. It is alleged in the petition,
and satisfactorily proved, that when the summons in
that action was served on Isaac Smith, in Bullitt
county, where he resided, he was, and had been for
several years, and continued to his death, of unsound
mind, by reason of a fracture of his skull, and was
mentally incapable of understanding and transacting
business; that none of the plaintiffs knew he was the
owner of the lots in question until after his death,
when they discovered amongst his papers a deed there-
for, made to him many years previously; nor did any
of them know the action by Thomasson & Hider had

been brought against him, or that the lots had been sold, until a few days before the commencement of this action. It further appears that the two lots are now, and were when purchased by appellees, worth between twelve and fifteen hundred dollars.

It is shown, and relied on as a ground for reversal, that the apportionment warrants upon which the action by Thomasson & Hider against Isaac Smith was based were not, in fact, issued against him, but against L. H. Smith. This manifestly was the result of a mistake by the officer whose duty it was to issue the warrants, for it is not pretended that any other person than Isaac Smith was or could have been made liable for the assessment of the two lots in question.

It is alleged in the petition that the judgment was procured by the fraud of the plaintiffs in that action; but there is no positive evidence they knew of the mental condition of Isaac Smith before the judgment was rendered; nor is there any fact proved tending to establish fraud, unless it be the unexplained increase of the claim against him from the original sum of $13.43 to $73, the amount for which the two lots were sold. We do not think there is any reason to doubt that a summons was issued in that action, and executed on Isaac Smith in Bullitt county, for the return on the summons by the deputy sheriff, as has been repeatedly held by this court, is sufficient evidence of the service.

Under Myers' Code, in force at the time, it was only in case the defendant had been judicially found to be of unsound mind, or was confined in a State lunatic asylum, neither of which was the case with Isaac

Smith, that the service of summons was required to be upon his committee or other person, as well as upon him. It would seem, therefore, that the judgment could not be regarded as void because the defendant was not before the court by service of summons at the time it was rendered; but the fact exists, nevertheless, that he was just as unconscious of the pendency of that action as if he never had been summoned, and as utterly incompetent to make an intelligent defense to it, or to prevent the ruinous sacrifice of the two lots when sold, as if he had been a helpless infant, though it is proved that he was at the time the owner of personal property sufficient to pay many times the assessment against him. As the complete record of the action by Thomasson & Hider is not before us showing the contrary, and they are not parties to this action, we must assume the validity of the judgment for the sale, and that appellees acquired the property in question according to the forms of law; but, on the other hand, neither appellants nor Isaac Smith, under whom they claim, are chargeable with laches or other fault. Appellees have and claim the right to hold property worth now, and worth when they purchased it, more than fifteen times what they paid for it. Are the heirs-at-law of the lunatic from whom it was thus acquired utterly without remedy? We think not.

It is provided in section 579 and subsections 5 and 7 thereof, Myers' Code, as follows: "The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order. * * * *

5. For erroneous proceedings against an infant, married woman, or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings. * * * *
7. For unavoidable casualty or misfortune preventing the party from appearing or defending."

There is enough before us in this case to show that the mental condition of Isaac Smith does not appear in the record of the action of Thomasson & Hider against him; but unless the failure of the court to appoint some one to defend for him in that action be an error in the meaning of subsection 5, there was none up to the rendition of the judgment, for there is nothing before us to satisfactorily show that the claim of the plaintiffs in that action was unjust, or that a successful defense could have been made to it; but unavoidable casualty and misfortune preventing appearance and defense have always been held by courts of equity sufficient grounds for not merely setting aside sales of property under judgment when great wrong has been done, but for setting aside the judgment and permitting the defendant to answer when he has a good defense, and makes the application in proper time.

Mere inadequacy of price, as has been frequently held by this court, is not alone sufficient to set aside a judicial sale. But when the price bid is greatly disproportioned to the actual value of the property, only slight additional circumstances are required to justify and make it the duty of the chancellor to set it aside. And where there is any fact connected with the sale from which fraud may be presumed, or when the de-

fendant, by casualty or misfortune, has been prevented from appearing in the action, or taking steps to avoid a sacrifice of his property, it should be set aside.

While it is generally as necessary for the protection of the defendant as of the purchaser, and, therefore, the policy of the law, to uphold judicial sales when fairly and legally made, it would be making such sales the means of oppression and wrong to sanction an unconscientious advantage obtained by a purchaser by reason of the misfortune of the defendant.

It seems to us this is clearly a case contemplated by the Code, for there could be no misfortune more likely to result in the sacrifice of a defendant's property than unsoundness of mind.

In Yowell v. Gains, 2 Bush, 211, when, in a proceeding against a defendant absent from the State through fear of his life, his property was sold at an enormous sacrifice, the sale confirmed, and the purchaser put in possession, it was held by this court that the sale should be set aside upon the ground that "inevitable accident or misfortune" prevented the defendant from objecting to the report of sale sooner, or otherwise than by the petition.

In our opinion, if subsection 7 does not apply to a case like this, it can have no application at all, and it must follow that a purchaser at a judicial sale, having once acquired the title to the property, at whatever sacrifice, can hold it, although the defendant may, by reason of unsoundness of mind, have been ignorant of the claim, as well as of the action against him, and incapable of being present at the sale, or of devising any means to prevent a sacrifice of his property. Unquestionably, if

Isaac Smith, or any one for him, had filed exceptions to the report of sale in this case, they would have been sustained. But by reason of misfortune of a character clearly comprehended by the Code, he was prevented from doing so, as well as from redeeming the land, which it is shown he had the means to do.

The advantage appellees seek to retain is an unconscientious one, obtained by the misfortune of Isaac Smith, and as it is in the power of the chancellor to restore the title of the two lots to appellants without necessary loss to appellees, it should be done.

The judgment dismissing the petition is, therefore, reversed, and cause remanded, with directions to give to appellants a reasonable time in which to redeem the property upon the terms prescribed in the judgment confirming the sale, and for further proceedings consistent with this opinion.

To a petition for rehearing filed by counsel for appellees, Judge LEWIS delivered the following response of the court:

It was not intended by section 521 of the Code (Myers' Code, 582) to make the power of the court to vacate, after the expiration of the term, an order confirming a judicial sale dependent upon the existence of a valid defense to the cause of action or claim sued on. If it had been, no sale of real property under a valid judgment could, after confirmation, be set aside for any cause, however unjust, unfair, or even fraudulent it might be.

The question as to the validity of the sale is distinct from that in regard to the judgment under which it is

made ; for though the judgment be reversed or vacated, it does not necessarily follow that the sale, if already confirmed, will be set aside ; and, on the other hand, there may exist grounds for setting aside a sale which do not affect the judgment.

If, then, Isaac Smith, or any one for him, could, being present, have presented a valid defense to the motion to confirm the report of sale, his heirs-at-law may, for the cause mentioned in subsection 7, section 518, now make the same defense, without calling in question the judgment for the sale.

His defense would have been that the two lots were sold at an enormous sacrifice, for much less than the value of either of them, and that by reason of his unsoundness of mind he was ignorant of the pendency of the action against him, of the judgment, and of the sale. And if such defense had been made, the court would undoubtedly have set aside the sale.

But it is argued that where time is allowed to redeem, inadequacy of price is no ground of exception to a judicial sale.

Even if that rule were correct, it could not be applied in every case without working injustice. For there may be a case where the defendant is unable to redeem, and, consequently, interested in having the property sold for a fair price, or a case like this, where two lots of land are improperly sold, when either of them may be worth, and, at a fair sale, would bring, more than enough to satisfy the judgment, leaving the other unincumbered.

Though appellants, in their petition, did not in terms pray to have the order confirming the sale vacated,

they did ask that the judgment in the original action, and all the proceedings under it, be declared void ; that the deed to appellees be canceled, and the title and possession of the property be restored to them ; and they stated all the facts necessary to constitute the cause mentioned in subsection 7 for setting aside the sale.

The plaintiffs in the original action were not made parties to this.  Consequently, the only issue made is with appellees, and the only relief sought or that can be granted is against them, which involves vacating the order confirming the sale, and canceling the deed, and restoration of the title upon the conditions mentioned in the original opinion.

Petition overruled.