## Carter v. Howard, et al.

(Decided February 21, 1919.)

### Appeal from Rockcastle Circuit Court.

1. Judicial Sales—Inadequacy of Price.—Mere inadequacy of price is not sufficient to set aside a decretal sale of property, but where the price bid is greatly disproportioned to the actual value, only slight additional circumstances are required to order a resale..

2. Judicial Sales—Exceptions—Infants.—Where rights of infants are involved the court will be more liberal in sustaining exceptions to commissioners' reports on the ground of gross inadequacy of price.

3. Judicial Sales—Notice.—Under the Civil Code of Practice, sec. 696, unless the order otherwise directs, notice of sale under order of court shall be made at the door of the court house of the county.

4. Judicial Sales—Notice.—Where the judgment directed posting of notices at the door of the court house and in the vicinity of the property to be sold, and also a publication in a newspaper, it was necessary that the directions of the judgment be complied with, publication in the newspaper alone being insufficient.

5. Judicial Sales—Notice.—Where the report of sale recites that the property is advertised as directed by the judgment there is a presumption that the commissioner performed his duty, but this presumption may be rebutted by testimony showing the notices were not posted as required by the judgment.

L. W. BETHURUM and A. E. MILLER for appellant.

C. C. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

At a sale by the master commissioner of certain real estate involved in this litigation the appellant became the purchaser thereof at the price of $500.00. Exceptions to the report of sale were filed by the appellees on the ground that the price was grossly inadequate, and that the property was not properly advertised. The court having sustained said exceptions to the master's report and ordered a resale of the property appellant prayed and was granted an appeal to this court from said order.

1. It is the rule in this state that a decretal sale of property will not be disturbed for mere inadequacy of price, unless there has been such a sacrifice of the property as to import fraud. There must be either fraud or misconduct of someone connected with the sale, some surprise or misapprehension on the part of those interested or the officer who conducts the sale, or some irregularity in the proceedings, or other circumstances attending it, conducing to show unfairness, before the chancellor will refuse to confirm this act of the commissioner. Stump v. Martin, etc., 9 Bush 285. To the same effect is Bean, etc. v. Haffendorfer Bros., 84 Ky. 685, wherein the court says: "But when the price bid is greatly dis-

proportioned to the actual value of the property, only slight additional circumstances are required to justify and make it the duty of the chancellor to set it aside.'' See Morton v. Wade, Jr., et al., 175 Ky. 564, 24 Cyc. 39.

But where the rights of infants are involved the court has been somewhat more liberal in sustaining exceptions to commissioners' reports on the ground of gross inadequacy of price. Steel, et al. v. Wood's Admr., et al., 144 Ky. 254; Buckner's Trustee, et al. v. Buckner, et al., 168 Ky. 302; second appeal, same case, 180 Ky. 350, reported under the style of Castleman v. Buckner, et al.

Several witnesses introduced in behalf of the appellee testified that in their opinion the property is worth from $1,500.00 to $2,000.00. On the other hand quite a number testified that the property is not worth exceeding $750.00; hence the proof is not sufficient to justify us in saying that the price bid by the appellant is grossly inadequate. There is evidence to the effect that a person has been found who is willing to bid $1,000.00 for the property in the event of a resale, and reference is made to an affidavit to this effect, but we do not find the affidavit in the record. In this state of the evidence while upon a resale the property would doubtless bring more, this is not of itself sufficient ground to authorize a resale.

2. The point made that the property was not properly advertised is a more serious one. Section 696 of the Civil Code provides: ''Every sale made under an order of court must be public, upon reasonable credits to be fixed by the court, not less, however, than three months for personal, nor six months for real property; and shall be made after such notice of the time, place and terms of sale as the order may direct; and, unless the order direct otherwise, shall be made at the door of the court house of the county in which the property, or the greater part thereof, may be situated; and the notice of sale must state for what sum of money it is to be made.''

In section 14a, subsec. 1, of the Kentucky Statutes, it is provided: ''That in addition to the notices now required by law to be posted all public sales of any kind of property, when sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties to such execution, judgment or decree, be advertised in some newspaper published in the county of such sale, if any newspaper be therein published, at least once a

week for three consecutive weeks next preceding the day of sale; Provided, That in counties where there is a daily newspaper published or in general circulation, publication of such notice of sale for three consecutive days next preceding the day of sale shall be sufficient. The advertisement shall state the time, place and terms of sale and shall give a description of the property to be sold; Provided, That the newspaper advertisement herein provided for shall not be necessary where the appraised value of the property to be sold is less than one hundred dollars, to be ascertained by appraisement in each case as now provided by law."

Proof for the appellee shows that the property was not advertised as directed in the judgment, other than the publication in the newspaper. In other words, there was no notice posted at the door of the court house, nor in the vicinity of the land; nor is there any proof showing that this was done. Indeed, the commissioner himself does not testify that the property was advertised according to the provisions of the judgment though his report recites that "the sale was advertised as directed in the judgment." He was asked and made the following answers to certain questions in his deposition: "Will you state, Mr. Griffin, as to whether or not the sale of that land was advertised by putting up notices of the sale at the front door of the court house in Mt. Vernon, Ky. A. Yes, sir. I can't state for certain whether it was or not. Q. Did you put up such advertisements? A. I did not. Q. Did you put up advertisements that this property would be sold, on the land, or near the land? A. I did not myself. Q. You then do not know, in point of fact, whether or not there was any advertisement at all only the one in Mt. Vernon Signal, do you? A. I am telling you all I know about it. I got a copy of the advertisement and filed it with my report. That is all I know. Q. Where did you get that copy, Mr. Griffin? A. I can't state whether I taken it off the bulletin board or not, but that is my custom to do that. To take the one off of the court house door and file with the report of land sale. I file that paper with the report of land sale, but I can't say for sure whether I taken it off of there or not in this case. Q. But you do not say that you did take that advertisement off of the bulletin in this case? A. I can't say for sure I did in any case."

As will be seen from the above he testifies that it was his custom to take the copy from the bulletin board at the court house, and file it with his report, and while he says in one place he thinks he followed his custom in this case, yet he is not certain about it.

In Harris v. Gunnell, etc., 10 Rep. 419, a case presenting facts very similar to the present one, the court says;

"The judgment, however, provided that the sale should be advertised at the court house door of the county in which the land is situated, and at '*three* or *more* public places in the vicinity of the land.'

"The commissioner, in his report, says that he advertised the sale as required by the judgment. This, in the absence of testimony, should be taken as true. The presumption is in favor of a proper performance of his duty. But he was introduced as a witness, and his testimony shows that he did not know whether the statement was correct or incorrect. This rebuts the presumption arising upon the face of the report that he did his duty. Upon such a state of case a sale prejudicial to the owner of the property should not be upheld unless it be shown by testimony that the land was advertised as required by the decree."

In the above case the commissioner testified that he posted the notice at the court house door, and sent copies to be posted in the vicinity of the land, but that he did not know if any of them were received or posted, and the court says from the evidence it does not appear that the sale was advertised at the court house door, and *three* or *more* public places in the vicinity of the land as required by the decree. The court affirmed the judgment ordering a resale.

Price v. Simpson, 8 Rep. 327. The court here says it is the duty of the commissioner to advertise property ordered to be sold, and the commissioner being unable to state that the property had been advertised as the law required, it was held that the exceptions to the commissioner's report should have been sustained.

Both sides to this appeal rely upon the case of Scott v. Graves, et al., 153 Ky. 221. We have examined the judgment in this case and it provides: "Before making said sale the master commissioner will cause the time, place and terms thereof and a description of said property to be advertised at least ten days, including the day

of sale, in the State Journal, a daily newspaper published in Frankfort, Ky.''

The court decided this was a sufficient advertisement under the sections of the Code and statute above referred to. It will be noted in the Code provision that the sale shall be made after such notice of the time, place and terms of sale as the order may direct. The order in Scott v. Graves, *supra,* directed the publication in the State Journal. The judgment in the present case directed that notice be posted at the court house door, at three other places in the vicinity of the land, and published in the Mt. Vernon Signal, but the notices of sale were not posted or made as directed by the judgment.

Speaking on this subject we quote as follows from the case of Scott v. Graves, *supra:* ''While in the case of sales of land under execution, the posting of written notices at the court house door and three other public places in the vicinity of the land is required, subsection 2, section 682, Kentucky Statutes, there is no provision of the Code or statutes requiring the posting of such notices in the case of sales made by a master commissioner. The only statutory limitation on the power of the court to direct how the sale shall be advertised is contained in section 14-a, *supra,* which provides that such sale shall be advertised in some newspaper published in the county of said sale at least once a week for three consecutive weeks next preceding the day of sale; with a proviso that where there is a daily newspaper published in said county, publication of such notice of sale for three consecutive days next preceding the day of sale shall be sufficient. We conclude, however, that in addition to this statutory limitation, the right of the court under section 696 of the Code, *supra,* to fix the manner of advertising the sale is subject to the further limitation that the adver. tisement shall be reasonably sufficient to properly ad vertise the sale.

''In the present case, the sale was directed to be advertised in the State Journal, a daily newspaper published in Frankfort, Kentucky, for a period of ten days, including the day of sale. The advertisement, therefore, not only complied with the terms of the statute, but we think was reasonably sufficient.''

There is testimony to the effect that people in the vicinity of the property talked about the sale, and thus it was generally known, but notice by word of mouth

is not authorized by the law and can not be approved by this court.

Had the judgment in the instant case directed publication in the Mt. Vernon Signal only, this would have satisfied the Code and statute. However, it provided for further advertisement and it was this part of the court's order that was not complied with.

Measured by the terms of the judgment, the sale of the property was not sufficiently or properly advertised. This being true, the lower court did not err in sustaining the exceptions to the master's report of sale.

Judgment affirmed.