## Miller v. Title Ins. & Trust Co.

May 23, 1939.

C. A. NOBLE for appellant.

W. W. REEVES for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming judgment and reversing order.

We have for consideration an appeal from a judgment enforcing a mortgage on real estate and an appeal from an order confirming the report of sale.

Mrs. Mahala Miller, on December 20, 1926, executed a mortgage deed of trust on property in Hazard to the Louisville Title Company to secure the payment of $10,000, borrowed money. Her husband, W. H. Miller, joined in the instrument. The debt was evidenced by a series of bonds or notes and it was agreed that the mortgagor and payee should deposit $117.20 a month with the mortgagee to create a fund for the satisfaction of the bonds. The Title Insurance & Trust Company succeeded the Louisville Title Company as trustee and mortgagee. In February 1935, it filed this suit against Mrs. Miller and her son and daughter, as heirs of W. H. Miller, who had died in 1932, to recover judgment for the principal sum of $6,500 and interest, subject to credits aggregating $782.14 and $34.60, which it had paid as insurance premium. The plaintiff prayed the enforcement of its lien because of default in payment and precipitation of the balance according to the contract. Perry County, the City of Hazard and the Board of Education were made parties defendant and called upon to set up their respective tax liens on the property.

Nearly a year afterward Mahala Miller filed answer in which she admitted the execution of the bonds and the mortgage, but denied the debt was subject only to a credit of $782.14 as alleged in the petition, and affirmatively pleaded the bonds should be credited by $3,532.00. Elsewhere she alleged that the balance due on the debt on March 20, 1932, was $3,532.00, and again that it was $2,807. No reply was filed to her answer.

After a time Mrs. Miller was put on terms to submit proof on her plea of payment, but she never did so. In June, 1936, judgment was rendered in favor of the

plaintiff for the amount claimed in its petition and the property ordered sold in satisfaction of the lien.

Mrs. Miller contends on the appeal that having specifically denied owing the amount claimed in the petition and affirmatively alleged that all the debt had been paid with the exception of $2,807, and no reply being filed, the judgment is erroneous to the extent of the excess. Since the plea of partial payment was but an affirmative traverse of the allegations of the petition, a reply was not necessary. Logan County National Bank v. Barclay, 104 Ky. 97, 46 S. W. 675, 20 Ky. Law Rep. 773. The question is: Upon whom does the burden of proof rest where a defendant pleads payment of a part of the debt sued on? It has heretofore been answered in several cases that a party who resists the right of the plaintiff to a judgment for a debt upon the ground it has been paid or that there have been payments made which will reduce the amount below what is claimed, he must prove the full or partial payment relied on, and his failure to do so entitles the plaintiff to a judgment for the amount sued for. Tom's Creek Coal Company v. Skeene, 90 S. W. 992, 28 Ky. Law Rep. 962; Fornash v. Antrobus, 178 Ky. 621, 199 S. W. 781; Phillips' Ex'r v. Reid, 268 Ky. 317, 104 S. W. (2d) 1093.

It is further claimed that the judgment should be reversed because the defendant, E. H. King, was before the court only on constructive service and no bond was executed as required by Section 410, Civil Code of Practice, when a judgment is rendered against a defendant constructively summoned. It was alleged in the petition that King had a second mortgage on a part of the property. There are two reasons—and perhaps others—why this ground of attack on the judgment is untenable. First, King and all of the other defendants, by name, entered their appearance to the suit by asking and receiving an agreed order that the tax liens should be released from Mrs. Miller's residence for the purpose of furthering an application for a loan to the Home Owners' Loan Corporation; and, secondly, no judgment was rendered against King.

The defendant, W. O. Miller, in his answer, alleged that since the filing of the suit he had purchased one of the frame dwellings on the real estate mortgaged at a sheriff's sale for taxes, and had paid $923.08 therefor, and this was not taken into account in the judgment. Miller is not a party to the appeal and the appellant

could not make such a claim for him. However that may be, the judgment refers to the claims of the taxing districts and of Miller, and provides that all such taxes, other than for the current year, which the court should find to be valid liens against the property, should be paid out of the proceeds of the sale. It expressly reserved this matter for further adjudication.

It appears, therefore, that this judgment was properly rendered.

The judgment gave special directions to the master commissioner as to the manner of conducting the sale of the property, including the order that the sale should be made ''after first having advertised the time, terms and place of sale, by posting printed handbills at the court house door and on or near said property at least ten days before the day of sale;'' and also inserting notice in a local newspaper. The commissioner's report of sale recites that it was made after advertising the same as directed in the judgment. The plaintiff was the purchaser for $7,250. Mrs. Miller filed exceptions to the report upon the grounds that the commissioner had not posted handbills at the court house door or on or near the property; that there was no fair appraisement, and that one of the appraisers was not disinterested. The affidavit of W. O. Miller, filed in support of the first ground of exception, is emphatic and specific that after the entry of the judgment he had watched the bulletin board at the court house and had been daily on and about the property and that at no time did anyone post or place any notices thereof in either of those places.

Unless contained in the order of the court, it is not necessary, under Section 696 of the Civil Code of Practice, or Section 14a-1 of the Statutes, that notices of judicial sales should be posted, the newspaper advertising being sufficient. But where such form of notice or manner of advertising is ordered by the judgment, a failure to observe such terms is fatal to the sale. Carter v. Howard, 183 Ky. 356, 209 S. W. 51; Ward v. Vanhoose, 222 Ky. 135, 300 S. W. 337. When an exception to a commissioner's finding or report is specific, it raises an issue in the nature and of the effect of an appeal to the court, with the burden resting upon the exceptor to establish the allegations. Long v. Howard, 260 Ky. 323, 75 S. W. (2d) 742; Phillips v. Warren County Board of Education, 265 Ky. 580, 97 S. W. (2d) 408. We are of opinion that this ground of exception

was sufficient to require the court to receive evidence on the question of the posting of the handbills in accordance with the judgment, and that it was error to confirm the report of sale without trying out and determining it.

The exceptions in relation to the appraisement were not sufficient and the court could properly determine them on the face of the paper as a matter of law. However, should the court find as a fact that the handbills were not posted it may be well, in view of the suspicion raised and the lapse of time, to order a new appraisement.

In view of our conclusion on the merits of the case, it is not necessary to pass on the second motion filed in this court to cancel the supersedeas and direct the circuit court to award plaintiff a writ of possession.

The judgment for the debt and foreclosure of the mortgage is affirmed. The order confirming the report of sale of the property is reversed.