**Estill R. SIZEMORE, Appellant,**

**v.**

**Charles B. BENNETT, Jr., Administrator of the Estate of C. Bentley Bennett, Sr., Deceased et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

C. B. Creech, Ashland, for appellant.

Frank K. Warnock, James W. Lyon, Sr., Greenup, Howard VanAntwerp, III, G. B. Johnson, Jr., Ashland, Thomas Theobald, Jr., Grayson, for appellees.

STEWART, Judge.

This appeal questions the order of the Greenup Circuit Court in setting aside a judicial sale.

The facts in this case are not in dispute. C. Bentley Bennett, Sr., died intestate, survived by three sons and two daughters. There were a great many debts owed by the decedent, and his estate was not liquid. In a suit filed to settle his estate, it was ascertained his indebtedness was approximately $25,585 and there were many creditors. In due course the circuit court by judgment directed a special master commissioner to hold two public sales of the decedent's property. One separate sale, the only one this appeal is concerned with, was for the purpose of selling 176 unimproved lots in the Bennett Addition to the City of Raceland in Greenup County. Two persons appointed to appraise this property placed a value of $200 on each lot, or a total valuation of $35,200 on all of them.

The order of sale provided that " * * * Before selling said real estate and property known as the Bennett Addition as set out herein, it shall be advertised by the special master commissioner by written or printed notices posted one at the Greenup County courthouse door in Greenup, Kentucky, and three (3) other public places in the vicinity of the land to be sold for at least fifteen (15) days before the sale, and also by advertising the time, terms and place of sale in the Greenup News and Russell Times, newspapers of general circulation in Greenup County, Kentucky, said advertisement in said newspapers to be made in three (3) issues immediately preceding said sale and, further, by block advertisement in the Ashland Daily Independent, Boyd County, Kentucky, which is a newspaper of general circulation in the vicinity and location of the land mentioned herein for three (3) consecutive days during the said advertisement period of said three (3) weeks of said Greenup News and Russell Times. The special master commissioner shall also have said real estate appraised as required by law."

The report of the special master commissioner recited that the property was duly advertised for sale according to law, that the highest and best bid for a con-siderable portion of the 176 lots of the Bennett Addition was $11,915, and that the highest and best bidder was Estill R. Sizemore, appellant herein. On December 18, 1965, eighteen days after the sale and seven days after the report of sale, counsel for the estate moved to enter an order setting it aside and holding it null and void.

The exceptions to the sale were that, fifteen days prior thereto, advertisement was properly made in the Russell Times but that in two issues of the Greenup News the date of sale was incorrectly stated as being the last day of December instead of the first, and that in the Ashland Daily Independent a block advertisement of the sale was carried in only two issues. It was shown, in addition, that the Greenup News, in all three issues, erroneously failed to advertise two lots, although both the judgment and the notice of sale prepared by the special master commissioner stated that these lots were to be sold. That newspaper also, in all three issues, recited that another lot would be sold which was not included in the judgment or in the commissioner's notice of sale.

At a hearing on the motion to set aside the sale the affidavits of H. R. McWhorter and R. D. Mantz, two citizens of Greenup County, were presented. These affiants stated that each of them read an issue of the Greenup News which recited that the sale of the lots was to be held the last day of December, 1965; that they clipped the notice of sale from the newspaper and kept it to remind them of the date; that they were interested in purchasing some of the lots and intended to attend the sale; and that they did not discover the sale had been held on December 1, 1965, until it was over.

The trial court sustained the exceptions to the report of sale, thereby voiding it. The basis for taking such a step is thus set forth in the trial court's opinion: "The Greenup News is the principal organ for advertising court sale in this jurisdiction. The Greenup News erroneously ad-

vertised the date of sale and made other errors in the advertisement. At least two prospective purchasers were prevented from bidding because of the errors. The lots brought less than one-third of the appraised value."

Did the irregularity in the advertising furnish a valid ground for nullifying the sale? The trial court, in setting aside the sale, took the position that, because the advertising was faulty in the leading newspaper in Greenup County, this directly caused two potential bidders not to attend the sale. Then, too, we believe the opinion infers the incorrect date could have resulted in a bid that was far below the actual value of the property.

KRS 426.700, so far as it relates to the advertisement of property to be sold at a judicial sale, provides that every sale " * * * shall be made after such notice of the time, place and terms of sale as the order may direct; * * *." See, however, KRS 426.560, which became effective June 16, 1966. This section of the statutes will apply to any judicial sale that may be made hereinafter in this case.

In 31 Am.Jur., Judicial Sales, § 59, p. 430, it is stated: "The time at which the sale is to be made should be clearly stated in the notice. A mistake in giving the date will be fatal if it is of such character as to make the notice in that respect ambiguous or misleading to the public, as where a sale is advertised to be made in one year when intended to be made, and is actually made, in the succeeding year."

In Miller v. Title Insurance & Trust Co., 278 Ky. 598, 129 S.W.2d 163, the judgment directed that the advertisement should be by printed handbills and by newspaper notices. It was disclosed that the newspaper advertising was properly done but that the handbills were not posted. This court, in setting aside the sale, gave this reason why the order directing handbill notices should not have been disregarded:

"But where such form of notice or manner of advertising is ordered by the judgment, a failure to observe such terms is fatal to the sale."

■ It is asserted, however, appellees were estopped to object to the sale, because it is uncontradicted that their attorneys knew a week prior to the day of sale that the Greenup News in the first two issues had carried an incorrect date in respect to the day of sale; and it is argued the sale could have been called off if they had acted promptly upon the basis of this information. However, it appears to be conceded that, prior to the day of the sale they were unaware of the omission in the newspaper notices of two of the lots to be sold and of the erroneous inclusion therein of another lot not to be sold, and of the failure of the Ashland Daily Independent to carry the block advertisement in three issues.

The trial court made the following observation: "Nothing that plaintiff's attorney could have said at the sale could have had any legal effect on the sale. The commissioner was in charge of the sale and he was acting as an arm of the court and his actions were not subject to the control of either or any of the parties to this action."

■ Estoppel is based upon the principle that one who failed to act when he should have acted should not reap a profit to the detriment of his adversary. In the case at bar ten days were allowed in which to investigate the sale and file exceptions to the report of the special master commissioner. Appellees acted within the prescribed period and, as the bid had not yet become finalized by confirmation of the report of sale, appellant was never placed off balance. Furthermore, as the trial court pointed out, appellees sought to obtain the relief they contended they were entitled to from the only source which was empowered by law to pass upon their motion to vacate the sale.

Appellant here cannot be heard to say he was harmed by the fact that appellees' counsel did not call off the sale, when the judgment and the notices prepared by the special master commissioner were not complied with by the Greenup News and the Ashland Daily Independent. This is so because the judgment and order of sale in this case are public records and all the bidders were placed on notice of their terms. See Noel v. Harper et al., 170 Ky. 657, 186 S.W. 503. Appellant, as well as appellees, must be charged equally with the knowledge that the terms of the advertising were not carried out in conformity with the judgment and order of sale and, as a consequence, the validity of the sale might be questioned.

As we have noted the lots involved in this appeal were appraised at $35,200 and the sale price as reported by the special master commissioner was $11,915. In the light of these facts, appellees insist the price bid is so out of range to the actual value of the property as to raise a presumption of irregularity.

 Mere inadequacy of price, standing alone, is not a ground for setting aside a judicial sale. But where the price bid is greatly disproportionate to the actual value of the property only slight additional circumstances are required to make it the duty of the trial judge to set aside the sale. See Bean et al. v. Hoffendorfer et al., 84 Ky. 685, 2 S.W. 556, 3 S.W. 138, 8 Ky.Law Rep. 739. This principle of law is well established in this forum, and reference is made in this connection to the many cases cited in 12 Ky.Dig., Judicial Sales, ☞ No. 40.

It is undisputed in the record that the Greenup News, the leading news medium for publishing judicial sale notices in Greenup County, advertised an incorrect sale date in two of three issues of that newspaper; that in all three issues of that newspaper there was an omission of two lots described in the judgment and order of sale; that in all three issues of that newspaper another lot, not embraced in the judgment and order of sale, was listed to be sold; and that the Ashland Daily Independent, which was duly directed to publish three notices of the sale, inserted only two.

The trial court believed these many errors in advertising, coupled with a finding that the sale price was inadequate, must be deemed to be prejudicial to the substantial rights of the heirs at law and the creditors of the estate. Furthermore, from the affidavits of H. R. McWhorter and R. D. Mantz, which stated they were misinformed as to the true sale date, the trial court was of the view that actual prejudice was established.

It is our opinion that under the facts presented and the law applicable thereto, the trial court properly set aside the sale.

Wherefore, the judgment is affirmed.