JUDGE ROBERTSON
delivered the opinion oe the court:
At a commissioner’s sale of a lot in the city of Henderson, decreed to be sold in execution of a testamentary trust for the education and maintenance of the testator’s infant children, the appellant was the highest bidder at the price of $1,100.
When the commissioner’s report came up for consideration, all the devisees moved a quashal of the sale, on the sole ground of gross inadequacy of the price bid, and two of the adult devisees offered to take the lot at $3,000, as so much of their interest in the testator’s estate.
The circuit court quashed the sale, adjudged the lot as $3,000 to the two proposing devisees, and decreed to the appellant the legal costs of the motion and $20 for a lawyer’s fee. He objects to the quashal, and the appellees, by cross-appeal, object to the judgment for costs.
A sale by a commissioner being, in legal effect, a sale by the court, is not concluded until judicially ratified and confirmed. In this respect it differs essentially from a sale under a creditor’s execution, over which, if fair and legal, the court has no jurisdiction; and such a sale cannot be set aside for mere inadequacy, without the creditor’s consent. Nor should a judicial sale be quashed for slight inadequacy alone
In this case, not only was the appellant’s bid flagrantly inadequate, and, on that ground, ought not to have been *14 confirmed, but the simple fact that a confirmation would have sacrificed the interest of infants entitled to the guardian protection of the court was itself ample ground for quashing the sale. That judgment is, therefore, affirmed.
Egard, being no party to the suit, and guilty of no fault, was entitled to a judgment for his costs, including a reasonable fee for his lawyer who argued the motion to quash the sale. The provision of the Revised Statutes, sec. 29, ch. 25, withholding such costs on motions, applies only to incidental motions as between the regular parties to a suit.
Wherefore, this judgment for costs is also confirmed.