## Steele, et al. v. Wood's Admr., et al.

(Decided June 14, 1911.)

### Appeal from Leslie Circuit Court.

Judicial Sales—Infants—Gross Inadequacy of Price—A judicial sale will be set aside where the property rights of infants are involved and the purchase price is grossly inadequate.

CLEON K. CALVERT, METCALF & JEFFRIES for appellant.

JOHN L. DIXON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Pleasant Woods died, intestate, in Leslie county in the year 1909. He left surviving him his widow, Nancy Woods, and the following infant children: Gillie Woods, Orpha Woods, Daw Woods, Price Woods, Sherman Woods, Nora Woods and Nettie Woods. A. B. Eversole and F. J. Woods were appointed and qualified as administrators of Pleasant Woods' estate. On February 8,

1909, they instituted this action to settle the estate. A guardian ad litem was appointed for the infant defendants, who filed a written statement that he was unable to make any defense for them. On an order of reference to the master commissioner, numerous claims were filed against the estate, and it was ascertained that it was necessary to sell decedent's real estate in order to pay his debts. At the October term, 1909, judgment was rendered directing a sale of certain lands to satisfy the indebtedness. Under this judgment the lands were sold on February 7, 1910. The lands, which consisted of four tracts, were appraised at $1,625.00. At this sale the appellants, D. E. Steele and H. C. Chappell, became the purchasers at the price of $1,100.00, and executed bonds for the purchase price. On February 10, 1910, the commissioner filed his report of sale. On February 15, 1910, the sale was confirmed.

On March 4, which was the 23rd day of the February term, the guardian ad litem filed exceptions to the report of the sale, and on the same day the order of confirmation was set aside. In support of his exceptions the guardian ad litem filed affidavits to the effect that the property sold was worth in the neighborhood of $4,000.00. Appellants, who are insisting that the sale be confirmed, filed affidavits tending to show that the sale was fairly conducted and that the land brought all that it was worth.

Upon submission of the case on the exceptions to the master commissioner's report of sale, the chancellor was of opinion that the property sold did not bring more than one-third of its real value. In view of this fact, and of the further fact that the rights of infants were involved, he set aside the sale. From this order the purchasers appeal.

In the case of Egard v. Chearnly, et al., 1 Bush 12, the land of infants, estimated to be worth $3,000.00, was sold for $1,000.00. The court, while recognizing the rule that judicial sales should not be set aside for mere inadequacy of price, set aside the sale because the purchase price was flagrantly inadequate and the rights of infants were involved.

Appellants rely upon the rule announced in Stump v. Martin, 9 Bush, 285, where the court held that decretal sales would not be disturbed or rejected by the chancellor for mere inadequacy of price, unless there had been such a sacrifice of the property as to import fraud. In that

case, however, the court adhered to the doctrine, that courts of equity would exercise jurisdiction in such cases to relieve those laboring under disabilities, when the same relief would be denied adults. At the same time it held that, under the facts of that case, the property brought a fair price, and that even where the rights of infants are involved, if the property brings a fair price, the chancellor ought not to set aside the sale.

In this case, if the conclusion of the chancellor below be correct (and there is evidence tending to sustain it), the property, consisting of four tracts of land, brought only one-third of its real value. Here, then, we have a case where the property rights of infants are involved, and of gross inadequacy of price. In our opinion, the two together are sufficient to justify the action of the chancellor in setting the sale aside.

Judgment affirmed.