## Buckner's Trustee, et al. v. Buckner, et al.

(Decided February 4, 1916.)

### Appeal from Boone Circuit Court.

1. Judicial Sales—Inadequacy of Price.—Mere inadequacy of price is not a sufficient ground upon which to reject a judicial sale of real property, where the interested parties labor under no disabilities.

2. Judicial Sales—Inadequacy of Price—Infants.—A judicial sale of the real estate of infants for a grossly inadequate price will be rejected.

S. W. TOLIN for appellants.

D. E. CASTLEMAN for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

John C. Buckner was the owner of a life estate in a house and lot situated in Florence, Boone county. The property was devised to him for life, and the remainder interest to his children, who were six in number and all of them infants. Under the instrument which devised title to Buckner and his children, the property was placed in the hands of a trustee. The trustee and the statutory guardian of the remaindermen instituted this action against the owner of the life estate, which had been sold for debt, and others, who were claiming tax liens upon the property, for a sale of it in accordance with the provisions of section 498, of the Civil Code. A decree for its sale was duly rendered and at the sale the highest bid for the property was $750.00. This bid was reported to the court by the commissioner, when the infants, by their statutory guardian, filed exceptions to the report and asked that the sale be not confirmed, because of the gross inadequacy of the price bid for it. The purchaser at the decretal sale resisted the effort to defeat the acceptance of his bid and the evidence was heard by the chancellor, who overruled the exceptions and ordered the report of sale to be confirmed. From this judgment an appeal has been prayed to this court by the guardian of the infants.

It is now insisted for the purchaser, that mere inadequacy of price is not a ground for the rejection of the sale of land at a decretal sale. This is, without doubt, true when applied to the sale of property of persons not under any disability, and that rule is adhered to by this court. It was held in Bean v. Haffendorfer Bros., 84 Ky., 685, and in Johnson v. Rowe, 1 R., 274, that when the price bid is grossly disproportioned to the actual value of the property, only slight additional circumstances are required to enable the chancellor to grant the relief desired, but where the rights of persons laboring under no disability are involved, the mere inadequacy of price, unattended with other circumstances, is insufficient upon which to reject a sale. In the cases of Steele, et al. v. Wood's Admr., 144 Ky., 254, and Egard v. Chernley, et al., 1 Bush, 12, it was held that while the rule is, that a judicial sale will not be set aside on account of mere inadequacy of price, where the rights of infants are involved and the price is grossly inadequate, the bid will be rejected. In the case at bar the proof develops that the father of the infants is a shift-

less old man, whose life estate in the property has been sold for debt and he is now in the county infirmary. The evidence heard upon the exceptions, as is usual in such cases, was very contradictory, and the value of the property was fixed by the various witnesses all the way from $900.00 to $3,500.00. The purchaser, alone, fixed the value at $800.00. The appraisers fixed the value at $1,500.00. The entire evidence indicates that the actual value of the property is the sum at which the appraisers fixed it, and to accept the offer made by the purchaser of $750.00, for it, would be to sell it at one-half of its value. This would seem not to be a fair price, and a grossly inadequate one, and the chancellor below should have sustained the exceptions and ordered a resale of the property.

For the reason indicated, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.