## Richey v. Harlan, Guardian.

(Decided May 30, 1916.)

### Appeal from Allen Circuit Court.

1. **Infants—Sale of Real Estate of—Code Provisions Must be Followed.**—The power to sell the real estate of infants is conferred exclusively by the provisions of the Civil Code of Practice and unless authority to sell can be found in the code, there can be no sale. Where an infant owned an interest in indivisible land and brought suit for a sale and division of the proceeds, the court had no authority to consent that the other joint owners might pay the infant the value of his interest in the land and thereby avoid a sale.

2. **Guardian and Ward—Compromise Concerning Lands of Ward.**—Section 2030 of the Kentucky Statutes, providing that a guardian may by consent of court compromise a controversy concerning the land of his ward, does not confer authority to sell the real estate of the infant in violation of the code provisions.

3. **Judicial Sales—Inadequacy of Price—Infants.**—The rule that a judicial sale will not be set aside for mere inadequacy of price does not apply to sales of infants' real estate. Such sales will be set aside when the price is grossly inadequate and for this reason alone.

BRADBURN & BASHAM, THURMAN B. DIXON and JOHN H. GILLIAM for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought under section 490 of the Civil Code, by J. I. Harlan, guardian for Neeley Richey, an infant child of C. H. Richey, deceased, against the widow and other children of C. H. Richey, for the purpose of allotting dower to the widow, Isabell Richey, and for a sale of the remainder of the land—which it was averred could not be divided without materially impairing its

value—and a division of the proceeds among the thirteen children of the decedent.

For answer to this suit the widow, Isabell Richey, in her own right and as administratrix, and also as guardian for all of the minor children except Neeley Richey, set up that after the allottment of dower there would remain land of the value of about $2,600.00 to be divided among the thirteen children. That the children had no estate except their interest in this land, that it would take all of the personal estate to pay the debts of the decedent, and that it would be to the interest of all of the infants if, after dower had been set apart to her, the remainder of the land could be left unsold, so that out of the income therefrom, including that from her dower, she could keep together and take care of the infant children, seven in number, all of whom resided with her. For the purpose of carrying out this proposed plan she asked that commissioners be appointed to appraise the one-thirteenth interest of the infant Neely Richey, and that she be allowed to pay to his guardian, Harlan, the amount at which his interest should be appraised.

To so much of this pleading as sought to have the land appraised and the widow allowed to pay Neeley Richey the value of his interest, a demurrer was sustained, and thereafter, upon evidence that the land was indivisible, orders of court were made directing the setting apart to the widow of her dower and ordering a sale of the remainder and a division of the proceeds among the children. After this dower was allotted, and at the sale under the decree of the remainder of the land so that the proceeds might be divided, the widow, Isabell Richey, became the purchaser at the price of $750.00.

To the report of sale the guardian of Neeley Richey filed exceptions upon the ground that the price at which the widow secured this land was grossly inadequate, as its reasonable value at the time of the sale was $2,592.00, which sum it would have brought except for the fact that when it became known that the widow wanted to buy the land for herself other persons through sympathy and respect for her feelings were deterred from bidding against her. Accompanying the exceptions there was a good bond executed by a contemplated purchaser, in which he obligated himself that, if the sale should be set aside and the land re-offered for sale, he

would start the bidding at $1,950.00 and take the land at this price if no one offered more.

After considering the exceptions the court set aside the sale, and Isabell Richey appeals.

The power to sell the real estate of infants is conferred exclusively by the provisions of the Civil Code of Practice. Unless the authority to sell can be found in the provisions of the Code, there can be no sale. Under the peculiar circumstances of this case it appears that it would have been to the advantage of all the infants if the proposition of the widow, to have the share of Neeley Richey appraised under order of court and to permit her pay his guardian the amount of its appraised value, could have been lawfully carried out. Under this plan Neeley Richey would have received the full amount of his interest and the farm would have been left unsold to be used for the benefit of the mother and the infant children who lived with her; but the guardian of Neeley Richey had at least the legal right to insist, as he did do, on a sale of the land and a division of the proceeds, and when he so insisted, the court had no discretion in the matter except to direct a sale in the manner provided in the Code.

It is suggested by counsel that section 2030 of the Kentucky Statutes, providing in part that a guardian, "with leave of court, may compound a debt or demand, or settle or compromise any controversy concerning the lands of his ward when the interest of the ward will be subserved thereby," empowered the guardian of Neeley Richey to accept with leave of court the proposition submitted by the widow, as that under this proposition he would have received as much if not more for his interest than would be realized from its sale. But, as was pointed out in Skidmore v. Cumberland Valley Land Co., 126 Ky. 576, this statute has no application to suits brought under the Code for the sale of infants' real estate.

That mere inadequacy of price alone is not sufficient ground for setting aside a judicial sale has been settled by numerous opinions of this court, but an exception to this rule has always been recognized in cases in which the land of infants was sold at a grossly inadequate price and the interest of the infant thereby seriously prejudiced. In Egard v. Chearnly, 1 Bush 12, the land of infants was sold for $1,100.00. Exceptions were filed

to the sale on the ground that the price was grossly inadequate, and an offer of $3,000.00 was made for the land. In affirming the judgment setting aside the sale the court said: "In this case, not only was the appellant's bid flagrantly inadequate, and, on that ground, ought not to have been confirmed, but the simple fact that a confirmation would have sacrificed the interest of infants entitled to the guardian protection of the court was itself ample ground for quashing the sale." To the same effect are Stump v. Martin, 9 Bush. 285; Steele v. Wood, 144 Ky. 254; Buckner v. Buckner, 168 Ky. 302. These authorities furnish ample support for the order of the lower court in setting aside the sale.

The judgment is affirmed.