## Castleman v. Buckner, et al.

(Decided April 30, 1918.)

## Appeal from Boone Circuit Court.

1. Appeal and Error—Law of the Case.—The opinion on the first appeal is the law of the case between the same parties upon a subsequent appeal, not only as to the errors relied on in the first appeal, whether considered or not, but also as to the errors appearing in the first record and which might have been, but were not, relied upon.

2. Judicial Sales—Sale of Infant's Real Estate—Inadequacy of Price —Evidence.—Inadequacy of price alone is not ordinarily sufficient to furnish grounds for setting aside decretal sales, but if the property sold is that of an infant, and the price is grossly disproportioned to the actual value of the property, only slight additional circumstances are required to authorize the court to set the sale aside on that ground. But in this case evidence examined and found that the price bid was not grossly inadequate to the value of the property so as to require the setting aside of the sale.

D. E. CASTLEMAN for appellant.

S. W. TOLIN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case, the first one being reported under the style of Buckner's Trustee, et al. v. Buckner, et al., 168 Ky. 302. The suit was brought under the provisions of sec. 498 of the Civil Code of Practice to sell a lot in the town of Florence, Boone county, Kentucky, consisting of about three acres, the title to which is held by the trustee for the life of John Buckner with the remainder to his children and in the way specified in the section of the Code referred to.

The provisions of the section of the Code authorizing the sale seem to have been substantially followed, and in the first sale under the judgment the present appellant became the purchaser at the price of $750.00, which was duly reported by the master commissioner who made the sale, but before it was confirmed the infant defendants filed exceptions upon the ground that the amount of the bid was grossly inadequate, the property having been appraised in that sale at the sum of $1,500.00. The exceptions were overruled by the trial court, and from that order an appeal was prosecuted

to this court and in its opinion in the case referred to the judgment was reversed upon the ground that the exceptions to the sale should have been sustained. No other question was determined, and under the well recognized rule of practice prevailing in this state all other questions which were raised or could have been raised are now *res adjudicata.*

Upon a return of the case another sale was ordered which was duly made by the master commissioner, and the appellant again became the purchaser at the sum of $850.00, which was reported by the officer making the sale. Both the purchaser and the infants by their statutory guardian filed exceptions to this last sale, each of which was overruled, and from that judgment each of the exceptors prosecutes an appeal.

The exceptions filed by the appellant are that the provisions of the section of the code under which the sale was ordered were not complied with, and those filed by the guardian of the infants are the same as those filed to the first sale. Under the *res adjudicata* rule referred to the appellant's exceptions can not be considered on this appeal, even if they possessed merit, which we do not find to be the fact. It is, therefore, unnecessary to further consider the appeal prosecuted by appellant.

Upon the exceptions filed by the guardian upon the ground of inadequacy of the amount of the bid, the testimony heard upon that issue shows that there is but one building on the lot and that it is very old and extremely dilapidated; that the windows are out, as well as many of the doors; the floor is decayed, the roof is very faulty; cracks have appeared in the walls of the building, and the ell part of it has entirely separated from the front of the building. In other words, it is shown to be practically worthless, except for what little material may be obtained from it. The lot itself is very much run down and without any fencing. It was appraised at the sale at the sum of $1,200.00, and the bid will therefore be seen to be more than two-thirds of the appraised value, conceding that this is such a sale as requires an appraisal, which is not determined.

John Buckner, the father of the infant appellees, who owns a life estate in the property, testified that in his opinion it was worth $2,500.00, but he had not seen it for quite a while and he is shown to be in such condition

that it is doubtful whether he is in full possession of the facts. Another witness who testified in behalf of the infants fixed the price at $1,800.00, but a larger number of witnesses valued the property at from $800.00 to $1,000.00.

The rule is that in the sale of infants' property if the price bid "is grossly disproportioned to the actual value of the property, only slight additional circumstances are required to enable the chancellor to grant the relief desired," which is the setting aside of the sale. Buckner's Trustee v. Buckner, *supra*, and cases therein referred to.

The record shows that there have been four decretal sales of this identical property, two of them made in this case and two in the case of Buckner v. Kelly, 151 Ky. 818, in which the same property was involved. The bid now under consideration was the highest obtained at any of the sales, and this fact with the testimony heard upon the trial of the exceptions herein, as above recited, under the rule governing this court in such cases would not justify us in sustaining the exceptions filed by the infants, since we are not convinced that "the price bid is grossly disproportioned to the actual value of the property." The property is fast decaying and being reduced in value, and if at four sales at public outcry no bid exceeding $850.00 can be obtained, it is a strong circumstance indicating that the bid is not so inadequate as to authorize the sale to be set aside on that ground.

We, therefore, conclude that the exceptions of both parties were properly overruled, and the judgment upon each appeal is affirmed.