## Minor, Guardian Ad Litem, Etc. v. Cecil and Bagby, Exors. and Trustees, et al.

(Decided May 14, 1920.)

### Appeal from Boyle Circuit Court.

1. Guardian and Ward—Compromise and Settlement—Authority o' Guardian.—Under Kentucky Statutes, section 2030, the guardian of an infant, with leave of court, may compound a debt or demand, or settle or compromise any controversy concerning the lands of his ward, when the interest of the ward will be subserved thereby.

2. Guardian and Ward—Compromise and Settlement—Approval by the Chancellor.—In an action asking the chancellor's approval of a compromise agreement, entered into between executors and trustees appointed by the testator, the adult parties in interest and the guardians of the infant remaindermen, by which a suit

contesting tne will was withdrawn and other litigation was dismissed settled, tne circumstances and terms of the agreement considered and held that the compromise was in the interest of the infants, and was properly approved by the chancellor.

3    Appeal and Error—Decisions Appealable—Final Judgment.—A judgment entered pursuant to a compromise agreement, providing that not more than $8,300.00 shall be paid to counsel for contestees, including tue fee to the guardian ad litem, is not a final order from which an appeal by the guardian ad litem will lie, since it does not finally determine the amount of his fee, and until that is done, the court cannot tell whether he has been prejudiced or not.

CLAUDE D. MINOR for appellant.

CHENAULT HUGUELY, JOHN W. RAWLINGS, SANDERS CLAY, GEORGE E. STONE, L. L. WALKER, JOHN R. ALLEN, E. C. O'REAR, ROBERT FRANKLIN, HENRY JACKSON, CHARLES H. RODES, C. C. FOX and NELSON D. RODES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Granville Cecil died, a citizen and resident of Boyle county, in the month of March, 1915. He was survived by his widow Emma Talbott Cecil and three children, J. G. Cecil, Bessie Anhier, and Margaret Embry. Each of his children had living children, some of whom were infants, and others adults.

At the time of his death Granville Cecil owned about 1,200 acres of land in Boyle county, also an undivided half of a one hundred acre tract near the city of Danville, and personal property of the value of about $50,000.00.

By his will he devised his estate to Charles P. Cecil, Sr., and C. C. Bagby, as executors and trustees to execute the powers and trusts created by the will, which vested them with a broad discretion in distributing the net income of the estate to the testator's children during their lives. Upon the death of his children, their children were entitled to the remainder interest in the estate The trust was to continue until all the testator's children had died and his youngest grandchild had reached the age of twenty-one years. None of the testator's lands were to be sold with the exception of the partnership tract of one hundred acres near Danville.

The will was contested on the ground of mental incapacity and undue influence. The first trial resulted in a verdict and judgment for contestants. On appeal,

the judgment was reversed and the cause remanded for a new trial. Cecil's Exors., et al. v. Anhier, et al., 176 Ky. 198, 195 S. W. 837. The next trial resulted in a hung jury. At the same time there were several other independent suits pending in the Boyle circuit court, involving the widow's right to dower, the interpretation of the will, the right of certain children to an independent support out of the estate, the removal of C. P. Cecil as trustee of Sarah Cecil, the claim of title by J. G. Cecil to the Melrose farm under alleged contract of sale executed by the testator, and various other questions which we deem it unnecessary to detail. These suits, together with the contest suit, had involved the estate in costs amounting to about $20,000.00, and if continued, the costs would have been greatly increased.

For the purpose of ending the litigation and preserving the estate, the executors and trustees, the children of the testator with the exception of J. G. Cecil, the grandchildren of the testator who were of age, and the guardian of those grandchildren who were infants, entered into a written agreement compromising their conflicting claims.

Upon the execution of the compromise agreement the parties thereto filed a petition in equity, setting out the terms of the agreement, the circumstances under which it was executed, and the advantages to be derived therefrom, and asked the approval of the chancellor. From the decree approving the compromise, the guardian *ad litem* for the infant parties appeals, principally for the purpose of testing the validity of the decree so far as the infants are concerned.

By the compromise the will contest was to be withdrawn and all other litigation dismissed settled. The sum of $15,000.00 was to be paid to each of the testator's daughters, and also to the son if the latter elected to become a party to the agreement. These sums, together with the costs incurred by the estate, were payable out of the personalty and out of the proceeds of the one hundred acre tract which the testator owned in partnership with his brother. The net income from the estate was to be paid to the testator's children without any discretion on the part of the executors to withhold any portion of it. Not more than $5,000.00 was to be payable to counsel for the contestants, and not more than $8,300.00 to counsel for contestees, including the

allowance to the guardian *ad litem.* Charles P. Cecil was to resign as trustee, and Judge E. C. O'Rear was to be appointed in his stead.

Under our statute the guardian of an infant, with leave of court, may compound a debt or demand, or settle or compromise any controversy concerning the lands of his ward, when the interests of the ward will be subserved thereby Section 2030, Kentucky Statutes; Skidmore v. Cumberland Valley Land Co., 126 Ky. 576, 104 S. W. 390. Here, the situation of the infants was as follows: If the contest of the will was successful, it would deprive them of all interest in the testator's estate. On the other hand, the number of suits affecting the estate would result in such costs that their interests would be greatly diminished, even if the contest suit should be decided in their favor. By the compromise they surrendered their interests in a small portion of the estate, and made certain their remainder interests in about 1,200 acres of land, thus eliminating all chance of a total loss by an adverse judgment. Hence, there can be no doubt that the compromise was for the best interests of the infants, and was therefore properly approved by the chancellor.

The guardian *ad litem* complains personally of that portion of the judgment which provided that not more than $8,300.00 shall be paid to counsel for contestees, including the fee to the guardian *ad litem.* The basis of his objection is that his fee should not have been included in a lump sum allowed to others, but should have been fixed at a definite amount payable to himself alone. It seems to us that that portion of the judgment complained of is not of such a final character as to authorize an appeal by the guardian *ad litem.* It does not finally fix his fee, but leaves the matter open for further adjudication. Notwithstanding the judgment, the court, in the final adjustment of the matter, may allow him all that he claims he is entitled to. Therefore, until his fee has been actually fixed, there is no way of telling whether he has been prejudiced or not.

Judgment affirmed.