## Smith v. Holowell.

(Decided December 4, 1923.)

### Appeal from Caldwell Circuit Court.

1. Judicial Sales—Inadequacy of Price as Ground for Setting Aside Sale.—Inadequacy of price alone is not sufficient to justify the setting aside of a decretal sale, but, where the sale price is so

inadequate as to shock the conscience of the chancellor, other slight irregularities and circumstances will justify disaffirmance of a sale.

2.    Judicial Sales—Bad faith or Fraud Sufficient to Render Sale Invalid.—Bad faith or fraud on the part of an interested party is always sufficient to render a sale invalid, where they operate to the disadvantage of the owners of the property.

3.    Judicial Sales—Sale Not Set Aside in Absence of Fraud or Misconduct.—To warrant the setting aside of a sale, there must be either fraud or misconduct in some one connected with the sale, unfairness of the officer who conducts the sale, some surprise or misapprehension on the part of those interested, or some irregularity in the proceedings, or other circumstances attending, conducing to show unfairness, and a sale for an inadequate consideration could not be set aside simply because there was a rainstorm at the time of the sale.

R. W. LISANBY and ALVIN LISANBY for appellant.

S. D. HODGE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This action was commenced by Mrs. Ruth White and husband against Chas. L. Smith and the other heirs of Tyron Y. Smith for the sale of the dower interest of the departed widow of deceased, Tyron Y. Smith, and a division of the proceeds. Judgment was entered directing a sale of the lands in accordance with the prayer of the petition.

The lands were duly advertised by the master commissioner as directed by the judgment, and at the January term of the county court the sale was carried out, at least to the extent of auctioning off the property at the price of $3,050.00. The purchaser failed to execute purchase money bonds and the commissioner re-advertised the lands for sale on Monday, county court day, in February, at 1 o'clock p. m. When the hour of sale arrived a heavy rain storm was in progress. Only a small crowd gathered. The master commissioner had an auctioneer present to cry the property and receive bids. Before the lands were offered for sale the auctioneer cried several sales for the sheriff. The rain continued but not so heavily. In due course the master commissioner offered the land in question for sale. Two or three persons bid, and it was knocked off to the highest bidder, Holowell, at the price of $2,005.00, which was $1,045.00 less than the price at

which the same lands were bid off at the sale one month before.

Some of the joint owners, infants, filed exceptions to the report of sale on the ground that the price was inadequate and bidders were kept away from the sale by the heavy rain. It was admitted that the sale was properly advertised. Announcement was made in a loud voice at the front door of the court house that the sale was about to be made. Some of the alleged prospective bidders were in business just across the street from the court house and near enough to have heard the auctioneer. One of them says he was too busy waiting on customers in his store to remember the sale, and had forgotten it. The other said it rained too hard for him to attend.

Inadequacy of price alone has never been held sufficient to justify the setting aside of a decretal sale, but where the sale price is so inadequate as to shock the conscience of the chancellor other slight irregularities and circumstances will justify disaffirmance of a sale. Of course bad faith or fraud on the part of an interested party is always sufficient to render a sale invalid where they operate to the disadvantage of the owners of the property. Carter v. Howard, 183 Ky. 356; Buckner's Trustee v. Buckner, 168 Ky. 302, 181 S. W. 1107; Castleman, et al. v. Buckner, et al., 180 Ky. 350, 202 S. W. 681. In such case the sale will be set aside and a new sale ordered. The rule is thus stated in Jones v. People's Bank, et al., 180 Ky. 395: "While inadequacy of price, standing alone, is not a sufficient ground for setting aside a judicial sale, unless the inadequacy is so great as in itself to raise the presumption of fraud or to shock the conscience of the court; but when in connection with inadequacy of price there are other circumstances having a tendency to cause such inadequacy or any apparent unfairness or impropriety, the sale may be set aside, although such additional circumstances are slight, and if unaccompanied by inadequacy of price would not furnish sufficient grounds for vacating the sale." See also Foor v. Mechanics' Bank & Trust Co., 144 Ky. 682; Durham v. Elliott, 180 Ky. 724; Morton v. Wade, 175 Ky. 564.

In the case of Stump v. Martin, 9th Bush 285, we said: "It would be trifling with the stability of judicial sales, as well as the rights of the purchasers, to permit those who were present at the sale, or who ought to have been present, to interfere after the sale is made and open the

bidding, for no other reason than that since the sale an advanced price has been offered for the property."

To warrant the setting aside of a sale there must be either fraud or misconduct in some one connected with the sale, unfairness of the officer who conducts the sale, some surprise or misapprehension on the part of those interested, or some irregularity in the proceedings, or other circumstances attending, conducing to show unfairness.

The sale under consideration was regular in every respect and honestly and fairly conducted, although the rain storm no doubt kept away some of the crowd that would otherwise have gathered to witness the sale and perhaps to participate in it. There was neither fraud, deceit, misrepresentation nor other irregularities.

The chancellor who was entirely familiar with the facts did not think the exceptions of appellant were sufficiently supported by the facts to warrant setting aside the sale. Perhaps the land did not bring as high a price as it should, but this inadequacy of price alone was not sufficient to justify the chancellor in setting aside the sale, nor did he abuse a sound discretion in refusing to grant a resale after hearing the exceptions. For these reasons the judgment is affirmed.

Judgment affirmed.