## Ralston, et al. v. Homer, Otbin and Estes Kelly's Guardian.

(Decided March 19, 1926.)

### Appeal from Harlan Circuit Court.

1.  Guardian and Ward—Statute Authorizes Guardian to Sell Ward's Interest in Real Estate Only when there is Genuine Controversy as to Whether Infant Owns Interest in Land (Ky. Stats., Section 2030).—Ky. Stats., section 2030, only authorize guardian with approval of court to sell and convey his ward's interest in real estate when there is a genuine controversy as to whether infant owns an interest in the land.

2.  Guardian and Ward—Statute Authorizing Guardian to Settle "Any Controversy Concerning Lands of His Ward" Held Not to Authorize

.Guardian to Sell Wards' Interest in Land, where Only Controversy was as to Proper Construction of Lease Thereon (Ky. Stats., Section 2030).—Ky. Stats., section 2030, authorizing guardian with leave of court to settle or compromise "any controversy concerning the lands of his ward," held not to authorize guardian with approval of court to sell and convey his wards' interest in land when there was no controversy concerning their title therein, but only as to proper construction of lease thereon.

D. L. HAZELRIGG, W. E. CABELL and JAMES JEFFRIES for appellants.

GEORGE R. POPE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Reversing.

A. Z. Kelley and his brother, B. F. Kelley, owned jointly a tract of land in Harlan county which on October 2, 1917, they leased for coal mining purposes for a period of twenty-five years with right to renew same for an additional like period. That lease was assigned to and is owned by appellants who are operating thereunder.

A. Z. Kelly died in October, 1918, and appellee, George R. Pope, was appointed statutory guardian for his infant children, Homer, Otbin and Estes. A controversy arose between the lessors and lessees as to the latter's rights and duties under the lease, which resulted in litigation btween the parties. The contention of the lessors was sustained by the lower court and, pending an appeal from that judgment to this court, a compromise of all matters involved in that litigation was effected between Robert Kelly and the widow and adult children of A. Z. Kelly upon the one side and the lessees on the other, by which the latter agreed to purchase the land outright at a price of $20,000.00. Thereupon the guardian of A. Z. Kelly's infant children instituted this action to procure the court's approval of a like settlement with the lessees upon behalf of his wards and a conveyance by him of their interest in the land to appellees upon the same terms.

Authority for such action is claimed under section 2030 of the statutes which provides in part that a guardian, "with leave of the court, may compound a debt or demand, or settle or compromise any controversy concerning the lands of his ward when the interest of the ward will be subserved thereby." Whether or not this provision applies here depends of course upon what is

meant by the phrase ''any controversy concerning the lands of his ward.'' In other words does the controversy here concern the lands of the wards within the meaning of this statute. We think not. There is no controversy whatever about their title to an undivided interest in the land, the only controversy being as to the construction of a lease on the land.

This section must necessarily be construed in connection with the Code provisions which prescribe with minute care and detail how infants may be divested of an acknowledged title to real estate and this court uniformly has held that they may not otherwise be divested thereof. Manifestly such provisions would be of no practical protection to infants if in settlement of a controversy between the guardian and his tenants as to the meaning of a lease or rental contract, the guardian could sell and convey or surrender their title to the land itself. It is clear, we think, that such was not the legislative intent in enacting section 2030.

It was construed in Skidmore, etc. v. Cumberland Valley Land Company, 126 Ky. 576, 104 S. W. 390, to authorize a compromise of a controversy and conveyance of an interest conceded by the compromise to be in the ward where the title of the infants to an interest in the land was the thing in controversy and, a reading of that opinion will show that the statute was there held applicable only because of that fact. The court in Richey v. Harlan, 170 Ky. 461, 186 S. W. 149, expressly held that section 2030, supra, does not confer authority to sell real estate of the infant in violation of the Code provisions. Hence it must follow that section 2030 only authorizes a guardian with the approval of the court to sell and convey his ward's interest in real estate when as held in Skidmore v. Cumberland Valley Land Company, supra, there is a genuine controversy as to whether or not the infant owns an interest in the land. It was likewise construed in Minor's Guardian, etc. v. Cecil, etc., 188 Ky, 157, 221 S. W. 223.

As there was no controversy here concerning the title of the infants in the tract of land involved but only a controversy as to the proper construction of a lease thereon, section 2030 did not authorize the guardian with the approval of the court and in violation of Code provisions to sell and convey his wards' interest in the land.

Wherefore, the judgment is reversed and the cause remanded for proceedings consistent herewith.