The KISSELL COMPANY, Appellant,

v.

Billy Charles CHADWICK, and Unknown Spouses of Billy Charles Chadwick; Unknown Tenants at Box 685, G. Hwy. 583, Lion, New Haven, Kentucky; Shirley A. Chadwick, Carolyn J. Chadwick, Breckinridge Minerals, Inc., David A. Aulbach and Janice Aulbach, Appellees.

No. 86–CA–2077–MR.

Court of Appeals of Kentucky.

Oct. 2, 1987.

Thomas L. Waller, Waller & Woolridge, Shepherdsville, for appellant.

Dwight Preston, Lewis, Bland, Preston & Birdwhistell, Elizabethtown, for appellees, David A. Aulbach and Janice Aulbach.

Before HOWERTON, C.J., and COMBS and MILLER, JJ.

COMBS, Judge.

This appeal is from an order of the Larue Circuit Court overruling appellant's motion to set aside a judicial sale of real property. The facts are submitted by narrative statement.

Appellant instituted a foreclosure action against certain property owners. A judgment and order of sale was entered, and

the matter referred to the Master Commissioner to conduct the sale.

Appellant's counsel had his secretary contact the Master Commissioner's office by telephone, and inquire as to the date of sale. The secretary was told by an unidentified voice on the other end of the line that no date had been set for the sale, but that the Master Commissioner's office would notify appellant's counsel of the date just as soon as it was set.

The date for the sale of the property was set by the Master Commissioner, and properly advertised. The property was sold to appellees, David A. and Janice Aulbach, for a price substantially below its appraised value, and $37,923.70 less than the unpaid balance of appellant's note and mortgage on the property.

Appellant's counsel was not especially notified of the impending sale as his secretary had been told he would be, and he did not attend the sale. He subsequently called the Master Commissioner's office again to ask when the sale would take place, and was told that the property had already been sold.

Appellees-purchasers moved to have the court confirm the sale, while appellant moved to have the sale set aside. The court entered judgment in favor of the appellees-purchasers.

Appellant seeks reversal upon two grounds. First, appellant contends that because its counsel did not receive the personalized notice of the sale date as someone told his secretary he would receive, there was a misapprehension or irregularity in the proceedings, citing *Smith v. Holowell,* 201 Ky. 271, 256 S.W. 408 (1923). Second, appellant argues that because the judgment ordering the sale did not set a date for the sale, and CR 53.02 does not provide Master Commissioners with that power, and the rules of the tenth judicial circuit are silent as to the scheduling of judicial sales, the Master Commissioner had no authority to set a date.[1]

█ The Master Commissioner filed his report to the court, and it included his statement that the sale was conducted after proper advertisement, and appellant does not dispute this. Therefore, we do not consider appellant's counsel not receiving special notice of the sale date as even close to sufficient reason for setting aside the sale, notwithstanding the assurance given his secretary by the mysterious individual who answered the Master Commissioner's telephone.

█ As to appellant's second argument, KRS 31A.010(6) commands Master Commissioners to perform such functions as directed by an appropriate order of court. We think it is therefore statutorily implied that Master Commissioners can set the date for a judicial sale of property where the order is silent in that regard.

We are impelled at this point, by consideration of fairness to litigants throughout the Commonwealth, to mention our growing concern about appeals such as this one. A monitory word about CR 73.02(4) is certainly in order. The sale was conducted according to law. The judgment of the Larue Circuit Court is hereby affirmed.

All concur.

█

---

1. This could lead one to believe that counsel's estimation of the Master Commissioner's authority underwent a dramatic reduction sometime between his seeking notification of the date of sale, and his learning that the sale had already taken place.