RENDERED:  JULY 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1195-MR

FERRELLS LOGGING & LUMBER,
INC.                                                                              APPELLANT


APPEAL FROM MENIFEE CIRCUIT COURT
v.          HONORABLE WILLIAM EVANS LANE, JUDGE
ACTION NO. 20-CI-90080


KIM SPENCER                                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND GOODWINE, JUDGES.

ACREE, JUDGE:  Appellant, Ferrell's Logging and Lumber, Inc., appeals the

Menifee Circuit Court's denial of its motion to set aside a judicial sale of real

property.  Appellant argues the sale should not have been confirmed because

Appellant never received notice of the sale pursuant to CR[1] 53.02. Finding no error, we affirm.[2]

## BACKGROUND

Appellant purchased delinquent tax bills against real property in Menifee County and then filed a circuit court action demanding judgment on its certificates of delinquency. Appellant also demanded the property be sold by judicial sale, and that the proceeds be used to satisfy the anticipated judgment. On March 3, 2021, Appellant obtained a judgment of $5,162.37, and the circuit clerk mailed an Order of Sale to all parties; Appellant did not submit a written bid to the Master Commissioner after receiving a copy of the Order of Sale.

The Master Commissioner filed a Notice of Commissioner's Sale on March 9, 2021, scheduling the sale for April 7, 2021. The Master Commissioner mistakenly failed to send a copy to Appellant or Appellant's attorney and did not include them in the certificate of service. The Master Commissioner did, however, post the Notice of Sale in the Mount Sterling Advocate, a newspaper in adjacent

---

[1] Kentucky Rules of Civil Procedure.

[2] Appended to Appellant's brief are two Findings of Fact, Conclusions of Law, and Orders, by which the circuit court denied Appellant's Motion to Set Aside Master Commissioner's Sale in both. The first is dated July 1, 2021, and the second is dated September 8, 2021.

Montgomery County,[3] as required by KRS 426.200(2)[4] and KRS 426.560.[5] The Notice appeared in the newspaper for three consecutive weeks as required by KRS 424.130(c). The Master Commissioner also posted the Notice at the Menifee County Courthouse.

Appellee Kim Spencer purchased the property at the sale. Sometime afterward, Appellant asked the Master Commissioner when the sale would be, and the Master Commissioner told Appellant the sale had already occurred. Appellant then filed a motion with the circuit court, requesting that the sale be set aside and rescheduled. The circuit court denied the motion, and Appellant now appeals.

## ANALYSIS

The decision whether to confirm or vacate a judicial sale lies within the discretion of the circuit court, and we will not disturb the circuit court's

---

[3] Kentucky Revised Statutes (KRS) 424.120 provides the qualifications of newspapers which are sufficient to advertise such notice. Generally, the statute requires notice be advertised in a regularly published newspaper which is the largest in a geographic publication area. Appellant does not contest that the Mount Sterling Advocate is the appropriate newspaper in which to advertise the Notice of Commissioner's Sale.

[4] "The officer making the sale shall first advertise the time and place of sale by written notice describing the land to be sold, posted at the courthouse door and three other places in the vicinity of the land for fifteen days next preceding the sale, or by newspaper notice if required by KRS 426.560."

[5] KRS 426.560 states, as relevant: "In addition to the notices now required by statute to be posted, all public sales of any kind of property sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties, be advertised by publication pursuant to KRS Chapter 424. The advertisement shall state the time, place and terms of sale and describe the property to be sold."

decision unless our review reveals an abuse of discretion. *Lerner v. Mortg. Elect. Registration Sys., Inc.*, 423 S.W.3d 772, 773 (Ky. App. 2014) (citing *Gross v. Gross*, 350 S.W.2d 470, 471 (Ky. 1961)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Appellant asserts here, as it asserted before the circuit court, that the Master Commissioner failed to strictly comply with CR 53.02. As relevant, CR 53.02 requires the master commissioner to "serve notice of the date, time and place of the judicial sale upon every party who is not in default for failure to appear." CR 53.02(1). Appellant argues that, because the Master Commissioner did not serve notice upon Appellant despite the requirement that he "shall" do so, the sale ought to be set aside.

CR 53.02 itself does not provide the remedy Appellant seeks when a master commissioner fails to send notice to all parties. *See* CR 53.02. The issue is, however, addressed in our jurisprudence – a judicial sale "ought not to be lightly disapproved where it was conducted in a fair and regular manner, and confirmation ought not to be refused except for substantial reasons." *Gross*, 350 S.W.2d at 471.

Appellee cites a case claimed to be analogous to these facts, *Kissell Co. v. Chadwick*, a case in which failure to provide notice of a master commissioner's sale did not provide grounds to set aside the sale. 737 S.W.2d 710, 711 (Ky. App. 1987). In *Kissell*, the appellant filed a foreclosure action resulting in a judgment and order of sale. *Id*. at 710. Before the master commissioner scheduled the sale, the appellant's counsel contacted the master commissioner's office to find out when the sale would be held. *Id*. at 711. The master commissioner's office had not yet set a date but told the appellant's counsel the office would contact counsel once a sale was scheduled. *Id*. The master commissioner selected a date and properly advertised the sale. *Id*. Ultimately, however, the master commissioner did not contact the appellant or his counsel and the sale proceeded. *Id*. The circuit court granted the appellee' s motion to confirm the sale and this Court affirmed, holding "we do not consider appellant's counsel not receiving special notice of the sale date as even close to sufficient reason for setting aside the sale." *Id*.

Of course, a difference does exist between *Kissell* and the current appeal. Here, the Master Commissioner did not send Appellant notice as required by CR 53.02, while in *Kissell* the appellant did not receive notice which it had specially requested from the master commissioner's office. *See Kissell*, 737 S.W.2d at 711. However, we view this as a distinction without a difference.

-5-

*Kissell* is sufficiently analogical to persuade us to affirm. The Master Commissioner advertised the sale in a newspaper and posted notice of the sale at the courthouse as was required and made no mistake in conducting the sale other than inadvertently failing to provide specific notice to Appellant. It was not arbitrary or unreasonable for the circuit court to conclude the omission was not a substantial reason sufficient to refuse to confirm the sale, and thus the circuit court did not abuse its discretion.

## **CONCLUSION**

For the foregoing reasons, we affirm the Menifee Circuit Court's Findings of Fact, Conclusions of Law, and Order.


ALL CONCUR.


BRIEF FOR APPELLANT:

Ira S. Kilburn
Salt Lick, Kentucky

BRIEF FOR APPELLEE:

Michelle R. Williams
Mt. Sterling, Kentucky